WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Acuity, a mutual insurance company, | No. CV-25-00031-PHX-DLR |
| Plaintiff, | |
| v. | **ORDER** |
| SD Framing, LLC, an Arizona Limited Liability Company, | |
| Defendant. | |

Plaintiff Acuity moves for default judgment against Defendant SD Framing, LLC ("SD") pursuant to Federal Rule of Civil Procedure 55(b). (Doc. 11 at 1.) SD failed to file a response, and the time for filing has passed. For the reasons stated below, default judgment is appropriate.

**I.    Background**

SD is a limited liability company based in the Phoenix area and identified with the Arizona Corporation Commission (Doc. 1 ¶ 2-3.) Acuity is a mutual insurance company organized in Wisconsin. (*Id.* ¶ 1.) SD entered into a contract with Acuity in which Acuity would provide SD with insurance coverage. (*Id.* ¶ 13.) Pursuant to the agreement, SD agreed to pay the premiums. (*Id.* ¶ 16.) Initially, SD paid premiums based on its estimated payroll. (*Id.* ¶ 17.) That estimated premium amounted to $7,937. (Doc. 11 at 5.)  SD made three payments of $663.42. (*Id.*) However, a provision in their contract allowed for Acuity

to perform audits. (Doc. 1 ¶ 18.) In August of 2023, Acuity performed an audit and found that SD owed an additional premium of $330,115.00 for workers compensation. (*Id.* ¶ 18-20; Doc. 11 at 5.) SD failed to pay the additional premium. (Doc. 1 ¶ 21.) Accordingly, Acuity filed its complaint against SD on January 6, 2025, alleging breach of contract and seeking to compel payment of SD's total unpaid balance of $330,425.74. (*Id.* ¶ 23-25.)

Acuity served SD on January 16, 2025 by leaving the complaint with a client services representative at the Arizona Contractor License Center, which was "authorized by appointment or by law to receive service of process for SD." (Doc. 7 at 1.) SD did not file an answer and has not made an appearance in the matter. (Doc. 9 at 1-2.) The Clerk's Office filed an Entry of Default against SD on February 10, 2025. (Doc. 10 at 1.) Subsequently, Acuity filed the instant motion for default judgment. (Doc. 11.)

## II. Default Judgment Standard

After the clerk enters default, the district court may enter default judgment pursuant to Rule 55(b). The Court's "decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

When determining whether default judgment is appropriate, the Court considers several factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

To make this decision, the Court accepts as true the complaint's well-pled factual allegations, except those related to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th

1  Cir. 1977). If the court determines that the allegations in the complaint are sufficient for
2  imposing default judgment, then it must "determine the amount and character of the relief
3  that should be awarded." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1078
4  (C.D. Cal. 2012).

**III.    Discussion**

The first *Eitel* factor weighs in favor of default judgment. SD failed to respond to the complaint or otherwise appear in this action despite being served with the complaint, the application for default, and this motion for default judgment. If the Court denies default judgment, then Acuity "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). So the prejudice to Acuity supports the entry of default judgment.

The second, third, and fifth *Eitel* factors also favor default judgment because Acuity's complaint sufficiently states a plausible claim for relief under the Rule 8 pleading standard. *See id.* at 1175. Acuity's complaint describes a plausible breach of contract claim against SD—that the parties entered into a contract, that Acuity provided SD with insurance, that SD breached its contract when it failed to pay the premium, and that Acuity suffered damages as a result. Acuity has not provided the Court with a copy of its contract with SD. However, it has attached a "Declaration for Use in Litigation," in which Acuity's employee declared under penalty of perjury that Acuity "has an account and claim against SD" for $330,425.74. (Doc. 11 at 4.) Moreover, given the sufficiency of the complaint and SD's default, "no genuine dispute of material facts would preclude granting [Acuity's] motion." *PepsiCo*, 238 F. Supp. 2d at 1177.

The fourth *Eitel* factor centers around the money at stake in relation to the seriousness of the defendant's conduct. *Id.* at 1176. Generally, when the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged. *See Eitel*, 782 F.2d at 1472 (finding that default judgment was inappropriate when the parties disputed material facts and the requested judgment amounted to three million dollars). But default judgment may be appropriate where the sum of money is tailored to the specific misconduct

of the defendant. *Bd. of Trs. of the Sheet Metal Workers Health Care Plan v. Superhall Mech., Inc.*, No. C-10-2212 EMC, 2011 WL 2600898, at *2 (N.D. Cal. June 30, 2011). Here, Acuity seeks payment of $330,425.74 plus interest accruing from October 11, 2023 at the federal judgment rate until paid in full. (Doc. 11 at 2.) The Court finds the requested amount to be reasonable because the account summary shows SD's unpaid balance which totals $330,425.74. (Doc. 11 at 5.) Therefore, this factor favors entry of default judgment.

The sixth *Eitel* factor asks whether the default was due to excusable neglect. SD was properly served with process in this matter. Further, SD was served with copies of the application for default and the present motion for default judgment. Therefore, it "is unlikely that [SD's] failure to answer and the resulting default was a result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008). Like the preceding factors, this one also supports entry of default judgment.

The last factor usually disfavors default judgment because "cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Moreover, SD's failure to answer the complaint "makes a decision on the merits impractical, if not impossible." *Gemmel*, 2008 WL 65604, at *5. In other words, it's hard to reach the merits when the opposing party is absent. Because Acuity has asserted plausible claims for relief to which SD has failed to respond, the policy encouraging decisions on the merits does not weigh against default judgment here. Accordingly, the Court will grant Acuity's motion for default judgment. The Court now turns to the issue of damages.

The burden on the plaintiff to prove damages is relatively lenient. *Elektra Ent. Grp. v. Bryant*, No. 03-6381, 2004 WL 783123, at *2 (C.D. Cal. Feb. 13, 2004). The Court may hold a hearing or "rely on declarations submitted by the parties." *Rosmarin v. Experienced Transp. Inc.*, No. CV-18-00511-TUC-LAB, 2019 WL 13198207, at *1 (D. Ariz. Feb. 14, 2019). Acuity has submitted a "Declaration for Use in Litigation" to support its damages

calculation. The damages amount in the declaration matches the damages amount listed in the allegations and with the amount listed on the "Account Summary" Acuity attached to its motion. (*Compare* Doc. 1 ¶ 23, *with* Doc. 11 at 4, 5.) Accordingly, Acuity provided sufficient proof of damages. *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100-01 (N.D. Cal. 2014). Accordingly, the Court finds that Acuity has proven damages of $330,425.74.

### IV. Conclusion

After reviewing the record and considering the *Eitel* factors, the Court concludes that entry of default judgment against SD is appropriate under Rule 55(b).

**IT IS ORDERED** that Acuity's motion for entry of default judgment (Doc. 11) is **GRANTED**. SD shall be liable to Acuity for damages in the amount of **$330,425.74** and for post-judgment interest on this amount at the current rate pursuant to 28 U.S.C. § 1961. The Clerk of the Court is directed to enter judgment accordingly and terminate the case.

Dated this 15th day of April, 2025.

Douglas L. Rayes
Senior United States District Judge